Honorable the judges of the United States Court of Appeals for the Fourth Circuit. Oh, yeah. Oh, yeah. Oh, yeah. All persons having any manner or form of business before the Honorable the United States Court of Appeals for the Fourth Circuit are admonished to draw an eye and give their attention for the court is now sitting. God save the United States and this honorable court. Good morning. Welcome to the Fourth Circuit. Please your argument in our first case. Um, and we're joined today by Judge Floyd, who's joining us from South Carolina. Be the miracle of the Internet. Um, so if Judge Floyd raises his hand, if you don't see it, I will. And that would indicate he has a question. So, uh, U. S versus Johnson, Mr Cochran. Thank you. Is the court Charles Cochran with the federal public defender's office in South Carolina. Yeah. The district court in this case imposed a 30 year sentence on Ricky Johnson without properly or adequately considering any of his substantial mitigation arguments. After hearing lengthy mitigation, Mr Johnson regarding his traumatic upbringing, potential brain injuries and health issues, drug drug issues. The court imposed two consecutive maximum sentences on Mr Johnson without giving any insight into the court's reasoning as to why it was rejecting his mitigation. In response to this failure, the government and its brief relies on one or two perfunctory statements court made where acknowledged the fact that he had serious mental health issues and where it acknowledged the fact that he had a drug issue. So two of the points were acknowledged as existing but not the court also asked one question of the defense regarding Mr Johnson's inability to obtain his prescription medication. Those are the statements that the court made that the government is now relying on as substantial, um, response. But it is clear from the record from the transcript of the sentencing hearing that Mr Johnson gave the court a lot of non frivolous mitigation as to why it should not impose such a harsh sentence. And the court ignored that mitigation and did not give any insight into why it's rejecting that mitigation. So, like I said, Mr Cochran, what? What, if anything, do we do about the fact that this is a within the guidelines sentence? Does that have anything to do with your argument, Your Honor? Judge Floyd? Yes, I believe that the defense position would be that the court needed to give us even more in this circumstance because this was not your typical guideline range. So we did not have two numbers on either side of a dash for this guideline range. We had one number, 360 months, a 30 year prison sentence, which required the court to give a maximum sentence of each count and run them consecutively. And what we were doing in our in our defensive Mr Johnson was providing substantial non frivolous mitigation that the court could consider and understanding that the court was well within its rights to impose a 30 year sentence. Um, the court was obligated to tell Mr Johnson why it was rejecting all of his mitigation. And as I said, the government its response brief relies on these two sentences that the court gave in its reason. If you want to call it reasoning, it was really just a restatement or regurgitation of the government's arguments, the offense conduct and acknowledging the fact of Mr Johnson's mental health issues. But the government then focuses on Mr Johnson's conduct as if to argue that because his conduct was severe or dangerous, it somehow meets a threshold that absolves the court of its duty to respond and give him some idea of how it's reasoning its way into a maximum sentence in this case. And the government also accuses the defense of requiring the court to sort through each and every one of his mitigation arguments. That is not what we were asking for. What we were asking for was a human engagement in the issues, a real genuine engagement with our, um, mitigation arguments for Mr Johnson and his inability to sort of perceive the his mental health issues that kept him from, um, being at the same level of culpability that somebody else without those issues would be. And the court had a duty to give him an idea of why it felt that 30 years in prison was the only, um, sentence that would that would meet, um, the severity of his conduct. We were asking in all candor. We were asking for a very substantial variance. In this case, we were asking for a 15 year variance in this case, but we were still requesting a very substantial prison sentence. We were asking for Mr Johnson to go to prison for 15 years, and all we were asking was for the court to give us some acknowledgment of the difficulty that Mr Johnson had gone through, um, whether it be his traumatic upbringing, his brain injury, his opioid prescription at a very young age, which led to his drug addiction, um, his traumatic witnessing of a family member burning alive. He was the court was given these mitigation arguments in both the sentencing memo, which the court never acknowledged having read. And then through lengthy mitigation arguments at sentencing and Mr Johnson statement to the court and his mother, who appeared remotely and gave the court insight into his upbringing and abuse that he had been victim of. And so when all was said and done when the court had all of this before it, all the court did at that point was kind of give a rope restatement of the offense conduct. Say Mr Johnson does have these issues of mental health and drug abuse without actually going into any of the other aspects of why that was important or responding as why the court would not consider it. And the court then handed down two consecutive maximum sentences. Um, and also what given I appreciate your argument that it's not the most, you know, robust, perhaps discussion the mental health issues. But why doesn't the transcript, you district court, you considered your arguments related to mental health and determined that they weren't enough to, um, accept your argument for a variance, but they should be considered in the Senate's, you know, hence the conditions and that were acknowledged. Um, it seems me, yeah, acknowledge the issues. Um, or the district court acknowledged the issues. You issued the sentence, um, imposed conditions related to the issues. Yeah. To be sure he could have said, or the court could have said more, but doesn't it indicate that the court considered them, took him into consideration with the release conditions and did not find them efficient? Grant the variance. Thank you, Honor. And the response to that would be that this court's precedent makes clear that we cannot sit after the fact and use conjecture through the judge's actions to infer that the court, um, adequately considered and gave a reasoned analysis of mitigation points. And so this court has also said that and what the, um, prosecution relies on is because there's so little said from the court, the prosecution has to rely on the conditions that the court said, um, ordering mental health treatment and drug abuse treatment. But this court's precedent makes clear that this sort of administrative, um, this sort of administrative statement in, uh, issuing the conditions of a sentence is not a response to mitigation. And it's when you're actually in the courtroom, it's not. I mean, it's just an administrative listing of what the sentence will entail. It's not the give and take that this court has required in the past of giving the defendant a sense that his arguments are being heard. And even if they're being rejected, why they're being rejected, or at least that they're being hurt. Um, and in this case, the court failed to give anything. And it also failed to give us anything to really infer that, you know, because should have said, I'm sorry. What do you say? The district court should have said this should the district court in your judgment have said, I acknowledge he had a horrible childhood and I could be convinced to give him a five year reduction. But because of the 35 53 a factors, I'm not going to do it. Does require that level of detail. I mean, I would I would say that that would be getting close to the minimum. I think that, you know, in this case, the court is supposed to say they they've recognized what the claim is, and they've given a reason that we're not going to do it. And how much? Well, it's our position that they did not give a reason that they're not going to do it other than just handing out sentence. And so the only thing we can infer is that she rejected our mitigation arguments because she gave the maximum sentence. But there's so little that, you know, there's nothing else left to infer from. So she didn't say because his criminal history is so lengthy because he has these prior. I see my time is up. But because he has these prior, um, violent charges on his past, we just don't feel that his his mitigation has risen to the level to warrant a variance. Something even that even that would have potentially kept us out of this courtroom today. But the court didn't even give us that. She the court only restated offense conduct and acknowledged the fact of two mitigation points without engaging in those mitigation points. All right, thank you. You've got some rebuttal time, Miss Klein. May please the court. Good morning. L. Klein on behalf of the United States. This court should affirm the district court sentence. The district court sentence was procedurally reasonable under a deferential abuse of discretion review because the district court considered the central thesis of the defendant's mitigation arguments and sufficiently explained its sentence to allow for meaningful review by this court. One of those key threshold questions is what was the defendant's central thesis in this case? Because this central thesis for his mitigation arguments is what the defendant asked the court vary from was a guideline sentence of 360 months to life. But for that statutory cap, he's asking for a variance of 15 years or 15% or 50% of that guideline range. And I'll put before the court that there was two different presentations of mitigation or two different central thesis is and the one that was presented in the briefs before you today is that there were four buckets or four silos of mitigation. It was he had a terrible childhood, he had horrible mental illness, he had substantial drug abuse and then he had some rehabilitation and it's asking this court that to look at each of those buckets individually. Then this motion for variance and presented and how was presented at sentencing was that this was an interwoven narrative. But the defendant had a long standing history of mental illness that was exacerbated by childhood trauma and further amplified by substantial drug use. Councils accepting your central thesis argument, I think your colleague would say, even for the mental health, there's not a sufficient explanation by just identifying the arguments without explaining why it's rejecting the umbrella of mental health and drug addiction. There's not even enough on that basis. What's your response to I would say that a lengthy explanation isn't like this case. Like Rita says that the complexity of the case dictates oftentimes the length of explanation required and this wasn't a complex case. This is a 9 22 1, a felon in possession case where the defendant shot at local sheriff's brandish firearms at the marshals and then the mitigation arguments that he explanation was not required in this case. And further, the context of the sentencing the whole allows this court to infer consideration on additional grounds. And the context of this case was we had a PSR that was adopted not once but twice and also contained lengthy forensic evaluation conduct on this defendant. And then we also had lengthy arguments on both sides by defendant and the government. The government walked through all the 35 53 a factors that it thought applied to this defendant and also rebutted why a 15 year sentence was not appropriate for a defendant like this. And so case law holds that this court will not vacate a sentence simply because the district court does not spell out what the context of its explanation makes patently obvious. What's patently obvious is that a 15 year sentence, half of the guideline range is an inappropriate sentence for a defendant that shot at law enforcement that brandish firearms at others had a lengthy criminal history. And while he might have some mitigation, it did not warrant a 15 year reduction. What else you got for us? Well, if this court was not going to find to agree with the government that the explanation was sufficient, I would contend that it was harmless error. Um, given the bulwark case where we have strong indicators, the court considered the defendant's arguments and the remaining arguments raised by the defendant were weak. Um, and so we would ask that the court affirm the sentence by the district court more detail on what's harmless. Sure. Yes. Um, boulder shows us that if we have strong indicators that the court considered the arguments raised by the defendant, we do have that here. There's actually four instances in the record that show that the court considered the defendant's mitigation arguments where she's imposing the sentence that she acknowledges. Uh, I'll give you the direct quote. He has serious mental health issues that have been compounded by drug use. And this is right after a lengthy 35 53 a factor argument by the we have the judge recommending that he be housed at a particular facility. That's F. C. I. Butner. That's a medical facility so he could quote get the needed treatment he needed. Does bull wear have the language that where the court expressly says, you know, even if you know, I were to was and then correct on this issue, I would award the same sentence. Well, where does not? But that language isn't required when we have appreciate that. I'm just this boy. I can't recall from where does that case involve an express statement that I would have issued the same sentence. Uh, anyway, I don't believe it does. I haven't answered any further questions from the panel. Um, and I thank you for your time. All right. Thank you. Mr Cochran. You've got some about time left. This in this context, the court's failure to address mitigation arguments from the defense cannot be harmless. It cannot be harmless because if that is a harmless error, then all of the precedent requiring from this court requiring the district court to acknowledge and give meaningful responses to mitigation arguments. All that president then be meaningless. All we also disagree with the government's position that this is not a complex case in in as a criminal case. This is a complex case. This is, as the government said, a pre plea pre sentence report was issued in this case because it was so serious and because his guidelines were going to be so high. Mr Johnson was sent to California to be evaluated for competency and criminal responsibility. And in that evaluation, uh, we learned and got a lot of insight into his upbringing and how his past addictions and opioid prescriptions as a child, his head injuries, how those things were now affecting his abilities. Um, I believe there was even an I. Q. Test, which indicated that he did have a low I. Q. So these were this was a complex case. This was a case with a lot for the court to consider and understanding that the the guidelines were simple in that they were just 160 months flat. It was at least, um, it was theoretically 0 to 30. I believe. I mean, I don't think there was a mandatory minimum sentence in this case. And so the the court had a wide range to consider. And the other precedent from this court in the Supreme Court is that a district judge is not just a rubber stamp for a guideline sentence. And that's really what happened here. The judge gave the maximum sentences consecutive and then essentially read from a script because when when the court and I would do the same if I was a district court judge with going through all the, um, administrative issues of imposing a sentence, there's no way anybody could remember that. But that is reading a script to make sure that the record is covered. It's not a meaningful response to really serious mitigation arguments that Mr Johnson had. Um, not every defendant is coming before the court with this kind of mitigation. And this wasn't a, you know, supervised release violation where somebody's looking at 3 to 6 months in jail. Those are non complex criminal cases. Um, and the judges are still even in those cases required to give some insight to the parties as to why it's landing where it is and it's sentencing. And, you know, we understand that we gave in interwoven narrative of of Mr Johnson's life and and the terrible things that had happened to him because that's what you have to do to make that person, um, to present that person as a real live human being who's before the court and somebody in Mr Johnson's position deserves more from the court in hearing why he's being sentenced to two maximum terms to be run consecutively for a total of 30 years in prison. Um, there there is precedent where these this court has found that, um, there was harmless error. However, in this case, it simply cannot be harmless because we cannot infer from anything that the court said why it did or did not accept some arguments. Um, and again, this is not a case where the defense gives a big long list of mitigation. But there's a 15 year mandatory minimum, and the judge imposes a 15 year mandatory minimum. So if the gives the minimum sentence, then certainly that could be a harmless error because the judge can't do much else. Or even if there's a range in a guideline and the judge gives a bottom of the guideline sentence, and I believe that a couple of the cases, a couple of unpublished opinions that the government cited were cases where the district judge gave the bottom of guidelines. And in doing that, the court is sort of in a in and of itself acknowledging that the defendant has given some reason to the court to go from the high end to the low end of the guidelines here. We don't have that range. We can't make those inferences. But more importantly, in giving such a severe sentence, the court's responsibility should have been heightened to really make clear why it was finding that that was the only appropriate sentence. Thank you. Judge Floyd, do you have any other questions? No, sir. Thank you very much. We'll come down to Greek Council and move on to our next case.
judges: G. Steven Agee, A. Marvin Quattlebaum Jr., Henry F. Floyd